*Formatted for Electronic Distribution*                                                                *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**
    **June R. Lewis,**                                                                              Chapter 7 Case
             **Debtor.**                    *Filed & Entered*                            **# 08-11160**
_____                          *On Docket*
                                                                *February 5, 2009*
*Appearances:*     Todd Taylor, Esq.                                                  Alan A. Bjerke, Esq.
                   Burlington, VT                                                     Bauer, Gravel, Farnham,
                                                                                      Nuovo, Parker & Lang
                   *For the Debtor*                                                   Burlington, VT
                                                                                      *For the Creditor*

### ORDER
### SUSTAINING CREDITOR'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

The Debtor, June R. Lewis, filed a case under chapter 7 of the Bankruptcy Code on December 2, 2008 (doc. # 1). On Schedule C, Property Claimed as Exempt, she claimed a $72,500 exemption in her residence located in Barre, Vermont, pursuant to 27 V.S.A. § 101. Id. On Schedule A, Real Property, she describes this property as having a current value of $72,500 with no mortgage or other secured claim against it. On January 8, 2009, Green Mountain Bureau, LLC (the "Creditor") filed an objection to the Debtor's claim of homestead exemption, asserting the following facts (which have not been challenged by the Debtor) (doc. # 9): In February 2001, the Debtor applied for and was granted a MasterCard charge account with Citibank, and made payments until 2005, at which time she defaulted. Citibank transferred the account to the Creditor, who obtained a $16,361.83 judgment against the Debtor, in Vermont Superior Court, in November 2008. In 2003, after the Debtor was liable on the account with the Creditor, she purchased the property she now claims on her schedule as exempt homestead property (doc. # 9).

The Creditor argues that because the Debtor elected the state exemptions on her Schedule C, and because her account with the Creditor predated her acquisition of the homestead property, 27 V.S.A. § 107 applies and the Debtor may not use the homestead exemption to shield this asset from the Creditor. Section 107, entitled "Liability of homestead for debts," provides:

> Such homestead shall be subject to attachment and levy of execution upon causes of action existing at the time of acquiring the homestead, except as otherwise provided in this chapter. For that purpose, such time shall be the date of the filing of the deed of such homestead in the proper office for the record of deeds.

27 V.S.A. § 107.

The Debtor opposes the Creditor's Objection to her claim of exemption, arguing that Bankruptcy Code § 522(c) governs this dispute and insulates her homestead from enforcement of the Creditor's

judgment (doc. # 10). That federal exemption statute provides that, unless a case is dismissed, "property excepted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case." 11 U.S.C. § 522(c). According to the Debtor, the statute's plain meaning should be strictly enforced. Id. Further, the Debtor points out that in previous decisions by this Court, In re Skejetne, 213 B.R. 274 (Bankr. D.Vt. 1997) and In re Euber, 217 B.R. 448 (Bankr. D.Vt. 1998), Judge Conrad held that dischargeable debts that arose prior to the acquisition of the homestead could not attach to the claimed homestead exemption in a bankruptcy case because such properly exempt property was immune from creditors' claims. Id. The Creditor filed a Reply in which it cited In re Banner, 394 B.R. 292, 303-04 (Bankr. D.Conn. 2008), a recent case where the Connecticut bankruptcy court flatly rejected the argument that § 522(c) pre-empts state homestead exemption law, and contended that this is the correct application of the law (doc. # 13).

The question presented here is whether § 522(c) changes the scope of a State's statutory homestead exemption. In Skjetne, Judge Conrad addressed the effect of an increase in the state homestead exemption from $30,000 to $75,000, effective January 1, 1997, on the debtors' bankruptcy case filed on January 8, 1997. The Court explored 1 V.S.A. § 214(b), a state rule of statutory construction governing the applicability of an amendment to existing cases, and delved into whether the legislation was remedial and therefore to be enforced retrospectively. The Court held that under § 214(b), the Vermont homestead exemption was not available with respect to pre-existing debt, 213 B.R. at 277, but that once a bankruptcy case was filed that changed, and 11 U.S.C. § 522(c) effectively pre-empted the state exemption regimen and allowed a debtor in bankruptcy to apply the higher exemption amount to debts incurred before the effective date of the provision. Skjetne thereby expanded the scope of the state homestead exemption for debtors who obtained bankruptcy relief. Id. at 277-79. Hence, although Skjetne did not address § 107, it answered the question presented here in the affirmative, ruling that the scope of state homestead exemptions is subject to change once a debtor's liability on, and exemption from, debts are under the jurisdiction of a bankruptcy court.

This Court, however, answers the question presented differently, guided primarily by the reasoning in two recent cases, In re Banner and the Second Circuit case of CFCU Community Credit Union v. Hayward, __ F.3d __, 2009 WL 50705 (2d Cir. Jan. 9, 2009). Most cases analyzing the interplay between § 522 and state exemption law focus on whether an increase in the homestead exemption limit is applicable to debts incurred before the change in the statute. In Banner, the court was confronted with how to interpret an effective date provision in the state statutes that granted (for the first time) a state homestead exemption. After an extensive analysis of the case law, the court held that § 522(c) did not pre-empt the state homestead exemption statute, and it was the state statute that determined the extent of the homestead exemption, even in a bankruptcy case. The court quoted In re Fishman, 241 B.R. 568 (Bankr. N.D.Ill.

2

1999): "Because § 522(c) only applies to exempt property, there is no conflict in recognizing that state law may render property nonexempt to particular claims. As to such nonexempt property, § 522(c) never comes into effect." Banner, 394 B.R. at 305, quoting Fishman, 241 B.R. at 574.

This Court's inclination to adopt and apply the Banner rationale was bolstered by the Second Circuit's reasoning in CFCU. That case involved New York law[1], where a creditor had objected to the state law homestead exemption claimed by the debtors and sought an order disallowing the debtors' homestead exemption to the extent that it exceeded the maximum homestead exemption allowable under state law at the time the creditor's claim arose. The creditor argued that, based upon the fact that the debtor incurred its debt prior to the effective date of the amended statute, the debtor was not entitled to benefit from the enlargement of the exemption amount. In rejecting the creditor's position, the CFCU Court had occasion to review New York's earlier (1977) homestead exemption statute which explicitly stated it was not available for debts incurred prior to the statute's effective date. Importantly, the Circuit Court commented that "while federal law governs the date on which the exemption comes into play, New York law governs the nature and scope of the exemption." 2009 WL 50705 (page numbers unavailable) (emphasis added).The panel noted that,

> [b]ased on the absence of language barring the application of the [1977 earlier version of the statute] to pre-enactment debts," it could not infer that the Legislature intended the [new] Amendment to apply only prospectively. CFCU points to nothing in the statute or legislative history that would require limiting the scope of the [new] Amendment in such a fashion. Unlike the language of the 1977 Amendment, the [new] Amendment does not address the issue of whether the statute applies to pre-[new] Amendment debts.

Id. In its analysis, the Second Circuit emphasized that New York's 1977 homestead exemption statute specifically provided that the increased homestead exemption amount would "not affect the application of property to the satisfaction of a money judgment for a debt contracted before it takes effect." CFCU, quoting 1977 N.Y. Laws Ch. 181 § 2 (emphasis added). In sum, the Second Circuit was looking to the text of the state statute to determine the scope of the homestead exemption. CFCU quoted the Supreme Court's holding in Owen v. Owen, 500 U.S. 305 (1991), which supports this position: "Nothing in subsection [522](b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all." CFCU, quoting Owen, 500 U.S. at 308.

The reasoning of CFCU, while not directly addressing the issue presented here, is nevertheless instructive and persuasive. When a Vermont debtor chooses state court exemptions, the scope of such exemptions, as pointed out by CFCU, is determined by state law. In this case, § 107 explicitly limits the extent of the homestead exemption, and must be given effect.

---

[1] New York is an "opt out" State, where debtors in bankruptcy may only choose the New York exemptions. Vermont in not an "opt out" state; it allows a debtor the choice of federal or state exemptions. In this case, since the Debtor chose the Vermont exemptions, CFCU's statutory construction is applicable.

3

Accordingly, the Creditor's objection to the Debtor's claim of exemption is sustained.

SO ORDERED.

February 5, 2009  
Rutland, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge